## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | 2:21-cr-00015-JMS-CMM-1 |
| vs. ) | |
| ) | |
| JERRY LYNN MOORE, ) | |
| Defendant ) | |

# REPORT AND RECOMMENDATION

On January 9, 2023, the Court conducted an initial and final hearing on the Petition for Summons/Violation for Offender Under Supervision filed on December 13, 2022 (Dkt. #11) and Petition for Warrant filed on December 30, 2022 (Dkt. #16). Jerry Lynn Moore ("Defendant") appeared with FCD counsel, Sam Ansell. The Government appeared by James Warden, Assistant United States Attorney. U. S. Probation appeared by Officer Jennifer Considine.

The parties advised the Court that a proposed agreement was reached by which the defendant would admit Violations #1 and #2 in the petition Docket No. [11], and Violations #3 and #4 in the petition Docket No. [16]. That proposed agreement also contemplated that the Government would recommend an executed sentence of 18 months and that the Defendant would argue for no executed time and modification of the terms of supervised release.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

1. The Court advised Defendant of his rights and provided him with a copy of the petitions. The violations were summarized on the record. Defendant waived his right to a preliminary hearing at that time and stipulated that there was probable cause to proceed on the petitions.

2. The defendant was advised that this matter had been referred by the District Judge and that the District Judge has final authority whether to accept, reject, or modify the recommendation.

3. After being placed under oath, Defendant advised that he voluntarily consented to the proposed agreement, had sufficient opportunity to consult with counsel, and was satisfied with his representation. Defendant admitted Violation No. 1 and 2 Docket No. [11] and No. 3 and 4, Docket No. [16].[1] Such admissions were not coerced and were made after consultation with counsel.

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| VIOLATION NUMBER | NATURE OF NONCOMPLIANCE |
|---|---|
| 1. | "The defendant shall refrain from any unlawful use of a controlled substance." |
| | On December 8, 2022, Mr. Moore submitted a urine drug test that returned positive for amphetamines. Previously, on July 5, 2022, he tested positive for amphetamines and Fentanyl. Additionally, he tested positive for methamphetamine on July 11, 26, and August 4, 2022. |
| 2. | " The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such a time as the defendant is released from the program by the probation officer." |

---

[1] With respect to Violation No. 4, Defendant admitted generally being discharged from the program for non-compliance but could not specifically admit to the allegations of specific dates he failed to appear for the MRT program.

|   |   |   |
|---|---|---|
|   |   | On December 7, 2022, Mr. Moore failed to report as instructed for a random urine drug test. |
|   | 3. | "The defendant shall refrain from any unlawful use of a controlled substance." |
|   |   | On December 16, 2022, Mr. Moore submitted a urine drug test that confirmed positive for amphetamines and methamphetamine. He submitted a urine drug test on December 27, 2022, which returned presumptively positive for amphetamines. The sample has been forwarded to Alere Laboratory for confirmation. |
|   | 4. | "You shall participate in a cognitive behavioral program, such as Moral Reconation Therapy (MRT), at the direction of the probation officer and abide by the rules of the program." |
|   |   | On December 28, 2022, Mr. Moore was unsuccessfully discharged from MRT due to him having unexcused absences on September 20, 2022, October 11, 2022, November 1, 2022, and December 20, 2022. |

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade **B** violation.

    (b) Defendant's criminal history category is **VI**.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **21 to 24** months imprisonment.

5. After argument of counsel, the Magistrate Judge has considered the factors set forth in 18 U.S.C. 3553(a)(1) [nature and circumstances of the offense and the history and characteristics of the defendant, here, the multiple violations of the terms of supervised release in a short time frame, including multiple drug screen failures in less than one year], (a)(2)(B) [affording adequate deterrence to criminal conduct, here, consideration of the defendant's multiple violations and disregard of reasonable rules of supervised release], (a)(2)(c) [to protect the public from further crimes of the defendant], (a)(2)(D) [to provide the Defendant with needed medical care or other correctional treatment], (a)(4), (a)(5) [not applicable here], (a)(6) [the need to avoid

3

unwarranted sentence disparities among defendants with similar records], and (a)(7) [not applicable here].

## **Recommendation**

Consistent with the Government's recommendation, the Magistrate Judge recommends that the defendant be sentenced to a term of imprisonment of 18 months. (This sentence is slightly below the Guidelines and is justified by his voluntary admission of the violations cited.) The recommendation further includes an observation that the defendant has a chronic drug addiction that will require treatment and the Court should request the Bureau of Prisons to consider placement where appropriate medical management (such as the RDAP program) is available. The Magistrate Judge further recommends the Defendant be placed by BOP at a facility reasonably proximate to his current permanent address in Greencastle, Indiana. Finally, the Magistrate Judge recommends that the Defendant remain on supervised release (contrary to the Government's recommendation) for a period of 18 months after release by BOP and that, if deemed appropriate by the Probation Officer upon release, that Defendant enter an in-patient addiction program. Upon request by the Government, and consent by the Defendant, the following additional terms shall apply to resumption of supervised release:

> 1) You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.
>
> 2) You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The Defendant is ordered detained pending the District Judge's review of the report and recommendation. The parties were advised of the 14-day period within which to appeal this report and recommendation and each waived the appeal period on the record.

Dated:  January 9, 2023

_____
CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:
All ECF-registered counsel of record via email generated by the court's ECF system